[Civ. No. 5585.   Fourth Dist.   Nov. 21, 1957.]

WALTER W. PATTERSON et al., Appellants, v. JACK BEAUVELL et al., Respondents.

Walter W. Patterson and Sophia H. Patterson, in pro. per., for Appellants.

Wing, Wing & Brown and John B. Morgan for Respondents.

GRIFFIN, J.—Defendants and respondents Thomas L. Preston and wife, as joint tenants, owned property in Banning, where they resided.  Plaintiffs and appellants, husband and wife, purchased and held the Prestons' promissory note secured by a second trust deed thereon.  The unpaid balance in August, 1954, was $2,007.94, payable at $50 per month. The San Gorgonio Building and Loan Association held a prior trust deed on said property, executed by the Prestons and secured by a promissory note, and the sum of $2,606.49 was due thereon on January 1, 1954, payable about $34 per

month.  Three years delinquent taxes were then unpaid, totaling $328.79.

It is alleged in the complaint that the property was of the value of $7,000; that plaintiffs called to the attention of Preston the delinquent taxes and payments past due on the note and trust deed and notified him that they could proceed to sell the property; that Mr. Preston informed plaintiffs he did not have sufficient funds for his family and was unable to support them and pay the debts owing, and that he would be unable to make payments on plaintiffs' trust deed; that for the purpose of enabling the Prestons to reside on the property, plaintiffs offered to pay all taxes and payments due on the first trust deed if the Prestons would pay plaintiff $65 per month instead of $50, as of September 1, 1954, and that plaintiffs would allow them a credit of $2.00 for every dollar paid in excess of the $65 per month; that the Prestons asked plaintiffs if they (Prestons) would pay $1,000 would they give the Prestons credit for $2,000 on the amount due, and that the plaintiffs orally agreed to this; that a writing was signed by plaintiffs that they would accept one-half of $2,007.94, or $1,003.97, as payment in full for their note and trust deed if paid before September 1, 1954; that by said agreement plaintiffs meant that only defendants Preston could take advantage of this offer.  It is then alleged that defendants Preston made the offer known to defendants Jack Beauvell and wife, and the Prestons proceeded to negotiate for a sale of said property to them without the knowledge of plaintiffs; that about August 31, 1954, the Prestons informed plaintiffs they had $1,003.97, and if plaintiffs would go to the office of the building and loan association it would be paid over to plaintiffs by the Prestons; that the parties there met and apparently some escrow arrangements were made concerning the financing and payment of the $1,003.97; that Beauvell asked that plaintiffs make an assignment of their note and trust deed to him, which plaintiffs refused to do under a claim that they had agreed with the Prestons that it was to be their money that paid off the note and trust deed and not that of the Beauvells; that plaintiffs refused to assign the note and trust deed to them in connection with any sale; that in accepting the lesser amount plaintiffs intended the remittance of the remainder to be a gift to the Prestons and at the same time allow them to retain title subject to the first trust deed; that defendants Beauvill knew of this agreement and fraudulently took advantage of the

Prestons to reap the benefit of this discount and to acquire the property.

It is then alleged that the Beauvells and the Prestons, as a subterfuge, presented an unsecured promissory note for $1,003.97, signed by the Prestons and made payable to the Beauvells, as evidence of a loan to the Prestons to pay off plaintiffs' trust deed and note; that the Prestons tendered the money to plaintiffs and asked them to accept it; that believing these representations that the Prestons had complied with the written offer, according to its terms, and that they were only dealing with the Prestons and their money and only for their benefit, plaintiffs thereupon executed a request for a full reconveyance of said property to the trustee named, marked the secured note paid, and delivered them to the Prestons in the office of the building and loan association, and that they actually received the money tendered in the sum of $1,003.97 under the mistaken belief they were surrendering these instruments to the Prestons and no one else; that in truth and in fact an employee of the building and loan association took said instruments under the direction of Beauvell, placed them in escrow, and completed the sale of the property to the Beauvells by recording the full reconveyance and a grant deed from the Prestons to the Beauvells.

On September 24, 1954, plaintiffs claim they first learned of the true transaction and brought this action to rescind the signed request for a reconveyance, restore thereunder a trust deed signed by the Prestons and to set aside the transaction wherein plaintiffs agreed to accept the $1,003.97 as full payment on the unpaid balance. It is alleged that notice of such rescission was given together with a tender of said amount, and that the tender was refused. The prayer is that plaintiffs be placed in the same position they were prior to said transaction, showing a valid secured obligation going to plaintiffs on said note and trust deed in the sum of $2,007.49, or that in case this cannot be done for judgment against defendants for $2,007.49 and accrued interest.

The answer of the Prestons is that the written offer of plaintiffs to accept $1,003.97 in full payment of the trust deed was made, as indicated in the written instrument signed by them. It is dated August 30, 1954, and reads:

"To T. L. Preston and Jessie Marie Preston:

"As of September 1, 1954, the unpaid balance on the trust deed we hold on the place where you live is $2007.94.

"On account of our great desire to get out from under this transaction and our need for cash, we will accept one-half of this balance, which is $1003.97, as payment in full if you will pay us $1003.97 before any further interest accrues, that is to say, on or before September 1, 1954.

(Signed) "Walter W. Patterson
"Sophia H. Patterson."

All other claimed oral agreements and understandings are generally denied. It is then averred that the Prestons accepted said offer in good faith and in satisfaction of plaintiffs' claim.

After trial, the court found generally that the property was valued at a much less sum than $7,000; that plaintiffs were in need of cash and made the "written offer"; that in fact the Prestons borrowed the money from the Beauvells and tendered it to plaintiffs and that it was accepted by them on September 1, 1954, and plaintiffs executed and surrendered the reconveyance, note and trust deed upon receipt of the money, all in accordance with the terms of the written agreement; that none of the defendants made any fraudulent statements or representations to plaintiffs, and plaintiffs were not misled nor were they damaged; that the Prestons rightfully transferred title to said property to the Beauvells in consideration of being furnished free rent on the premises and being released of any further obligations in reference to it. Judgment was entered in favor of defendants.

Suffice it to say, without setting it forth, the evidence, though contradictory, fully supports the findings. ■ The written instrument itself recites that plaintiffs had a great desire to "get out from under this transaction and our need for cash," and accordingly they would accept one-half of the balance as payment in full.

While the question of the sufficiency of the evidence, as a matter of law, to support a verdict or finding may be presented to the appellate court for review, its duty stops when it has determined that there is some substantial supporting evidence. (4 Cal.Jur.2d p. 482, § 602.) The claim of plaintiffs is an attempt to modify the terms of this written agreement which is not permissible. (*Lifton* v. *Harshman*, 80 Cal.App.2d 422, 432 [182 P.2d 222]; 12 Cal.Jur.2d page 339, § 125.)

As bearing on the question of damages, it appears plaintiffs did receive and retain one-half of the balance due on the note and trust deed, to wit, $1,003.97. The evidence shows that upon payment of this amount plaintiffs were willing to forego

the payment of the balance; that plaintiffs bought this same trust deed and note from one Pedigos at a discount of $400 because Preston was in default at that time; that plaintiffs agreed to reduce Prestons' payment on the balance to a smaller sum, and for this the Prestons agreed to and did give them a $600 bonus in the transaction for this forbearance. Plaintiffs concede these facts. The finding that plaintiffs were not damaged is sustained by the evidence.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied December 11, 1957, and appellants' petition for a hearing by the Supreme Court was denied January 15, 1958.